UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

NEW YORK LIFE INSURANCE COMPANY,

Plaintiff,

v.

JOANNA CASTRO, *et al.*,

Defendants.

Case No. 1:26-cv-04420-JLT-CDB

ORDER GRANTING STIPULATED REQUEST TO CONTINUE SEPTEMBER 9, 2026, SCHEDULING CONFERENCE

(Docs. 3, 12)

ORDER TO SHOW CAUSE WHY UNSERVED DEFENDANT ANNIE REYES SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO TIMELY SERVE SUMMONS AND COMPLAINT

**7-Day Deadline**

**Background**

Plaintiff New York Life Insurance Company ("Plaintiff") initiated this action with the filing of a complaint against Defendants Joanna Castro, Annie Reyes, and Anthony Reyes ("Defendants") on June 8, 2026. (Doc. 1). The next day, the Clerk of the Court issued summonses for service upon Defendants and the Court entered an order setting a mandatory scheduling conference for September 9, 2026. (Docs. 3, 4). The Court's order directed Plaintiff to "diligently pursue service of summons and complaint" and "promptly file proofs of service," and separately, to file a joint scheduling report at least one week in advance of the scheduling conference (*e.g.*, no later than September 2, 2026). (Doc. 3 at 1, 2). The order further advised Plaintiff that failure to

diligently prosecute this action "may result in the imposition of sanctions, including the dismissal of unserved defendants." *Id*.

On July 21, 2026, Defendant Castro, appearing in propria persona, filed an answer to the complaint. (Doc. 6).

On August 21, 2026, Plaintiff filed summonses returned executed only as to Defendants Castro and Anthony Reyes (*i.e.*, not Defendant Annie Reyes). (Doc. 9).

On August 31, 2026, Plaintiff filed a request for entry of default as to non-appearing Defendant Anthony Reyes, and the next day, the Clerk of the Court entered default as to Defendant Anthony Reyes. (Docs. 11, 13).

**Discussion**

Pending before the Court is the stipulated request of Plaintiff and appearing Defendant Castro to continue the scheduling conference, filed on August 31, 2026. (Doc. 12). The appearing parties represent that Plaintiff has made multiple attempts to serve Defendant Annie Reyes at two different addresses but has been unable to effect service upon her as of the date of the stipulation. *Id.* ¶ 6. The parties request that, given Plaintiff's inability to serve Annie Reyes, the Court continue the scheduling conference until September 30, 2026, or to a date thereafter. *Id.* ¶¶ 9, 10.

Based on the appearing parties' stipulated representations, the Court finds good cause to continue the scheduling conference as set forth below.

Although Plaintiff represents that it has attempted to serve Defendant Annie Reyes, service has not been completed and Defendant Annie Reyes has not appeared in the action.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions…within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

In addition, Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order

that service be made within a specified time." Fed. R. Civ. P. 4(m). Absent a showing of good cause, failure to comply with Rule 4(m) requires dismissal of any unserved defendant.

Here, because the 90-day deadline to serve Defendant Annie Reyes will soon expire, the Court may be required to dismiss her from this action absent a substantial showing by Plaintiff of good cause to extend the deadline. Accordingly, the Court will continue the scheduling conference and direct Plaintiff to timely file proof of service of summons and complaint upon Defendant Annie Reyes or make a written filing demonstrating good cause to extend the Rule 4(m) deadline.

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The appearing parties' stipulated request to continue the September 9, 2026, scheduling conference (Doc. 12) is GRANTED;
2. The scheduling conference set for September 9, 2026 (Doc. 3) is CONTINUED to **October 21, 2026, at 10:00 AM**; and
3. **Within seven (7) days** of service of this order, Plaintiff SHALL file either (1) proof of service demonstrating service of summons and complaint upon Defendant Annie Reyes consistent with Fed. R .Civ. P. 4, or (2) a declaration demonstrating good cause to extend the deadline to effect service upon Defendant Annie Reyes.

**Any failure by Plaintiff to timely comply with this order may result in a recommendation that unserved Defendant Annie Reyes be dismissed without prejudice for failure timely serve the complaint and summons pursuant to Fed. R. Civ. P. 4.**

IT IS SO ORDERED.

Dated: **September 2, 2026**

UNITED STATES MAGISTRATE JUDGE