UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW YORK LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JOANNA CASTRO, *et al.*,<br><br>Defendants. | Case No. 1:26-cv-04420-JLT-CDB<br><br>ORDER DISCHARGING SEPTEMBER 2, 2026, ORDER TO SHOW CAUSE<br><br>(Doc. 14)<br><br>ORDER GRANTING *EX PARTE* APPLICATION TO EXTEND TIME FOR SERVICE OF PROCESS<br><br>(Doc. 15)<br><br>**October 9, 2026, Deadline** |

**Relevant Background**

Plaintiff New York Life Insurance Company ("Plaintiff") initiated this action with the filing of a complaint against Defendants Joanna Castro, Annie Reyes, and Anthony Reyes ("Defendants") on June 8, 2026. (Doc. 1). The next day, the Clerk of the Court issued summonses for service upon Defendants and the Court entered an order setting a mandatory scheduling conference for September 9, 2026. (Docs. 3, 4). The Court's order directed Plaintiff to diligent effect service of process upon all Defendants prior to convening for the scheduling conference. *Id.*

On July 21, 2026, Defendant Castro, appearing in propria persona, filed an answer to the complaint. (Doc. 6). On August 21, 2026, Plaintiff filed summonses returned executed only as to Defendants Castro and Anthony Reyes (*i.e.*, not Defendant Annie Reyes). (Doc. 9). On August

31, 2026, Plaintiff filed a request for entry of default as to non-appearing Defendant Anthony Reyes, and the next day, the Clerk of the Court entered default as to Defendant Anthony Reyes. (Docs. 11, 13).

On September 2, 2026, the Court granted the parties' stipulated request to continue the scheduling conference from September 9, 2026, to October 21, 2026. (Doc. 14). In that order, the Court noted that although Plaintiff represented it has attempted to serve Defendant Annie Reyes, service was not completed and Defendant Annie Reyes has not appeared in the action. *Id.* at 2. Accordingly, the Court ordered Plaintiff to show cause ("OSC") in writing why unserved Defendant Annie Reyes should not be dismissed for Plaintiff's failure to timely serve the summons and complaint. *Id.* at 3. Plaintiff was ordered to file either proof of service demonstrating service of summons and complaint upon Defendant Annie Reyes consistent with Rule 4(m), Federal Rules of Civil Procedure, or a declaration demonstrating good cause to extend the deadline to effect service upon Defendant Annie Reyes. *Id.*

**Discussion**

Pending before the Court is Plaintiff's response to the OSC and *ex parte* request for an extension of time to serve Defendant Annie Reyes, filed on September 9, 2026. (Doc. 15). Counsel for Plaintiff declares that service was attempted upon Defendant Annie Reyes on August 23, 2026, at her last known address, but the process server indicated that the resident of the home stated that Annie Reyes moved. *Id.* ¶ 8. Counsel for Plaintiff further declares that the process server identified another address and is attempting to serve process upon Annie Reyes at that address as of today's date. Counsel also attests to having attempted to call Annie Reyes at a phone number listed on certain insurance policy-related forms, but the phone number was disconnected. *Id.* ¶¶ 10, 11. Counsel also has identified an email address for Annie Reyes's daughter and will attempt to make contact with Annie Reyes via this email. *Id.* ¶ 12. Considering these circumstances, Counsel requests the Court grant a 30-day extension of time until October 9, 2026, to perfect service or otherwise seek leave to serve via an alternative method. *Id.* ¶ 13.

Plaintiff's representations in response to the Court's OSC establish that counsel's conduct cited in the OSC (failure to effect service of process within the time permitted under Fed. R. Civ.

P. 4(m)) is the result of excusable neglect. *See In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007). Accordingly, the Court will discharge its September 2, 2026, order to show cause (Doc. 14).

With respect to service, where a plaintiff fails to serve a defendant within 90 days after the complaint is filed, Federal Rule of Civil Procedure 4(m) requires the Court to dismiss the action or order that service be made within a specified time upon a showing by the plaintiff of "good cause" for the delay. *See In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).

Here, based on counsel for Plaintiff's attestations and efforts in attempting to serve Defendant Annie Reyes, the Court finds good cause to extend the time under Rule 4(m) to effect service upon Defendant Annie Reyes to October 9, 2026.

**<u>Conclusion and Order</u>**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Court's September 2, 2026, order to show cause (Doc. 14) is DISCHARGED;
2. Pursuant to Fed. R. Civ. P. 4(m), no later than **<u>October 9, 2026</u>**, Plaintiff SHALL FILE summons returned executed as to Defendant Annie Reyes or, in the alternative a timely and adequately supported request for leave to serve Defendant Annie Reyes via an alternative service method.

IT IS SO ORDERED.

Dated: **September 10, 2026**

UNITED STATES MAGISTRATE JUDGE