UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

NEW YORK LIFE INSURANCE COMPANY,

Plaintiff,

v.

JOANNA CASTRO, *et al.*,

Defendants.

Case No. 1:26-cv-04420-JLT-CDB

ORDER REQUIRING DEFENDANT ANNIE REYES TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO APPEAR AT SCHEDULING CONFERENCE

(Docs. 3, 14, 18)

**December 3, 2026, Deadline**

**Relevant Background**

Plaintiff New York Life Insurance Company ("Plaintiff") initiated this action with the filing of a complaint against Defendants Joanna Castro, Annie Reyes, and Anthony Reyes[1] ("Defendants") on June 8, 2026. (Doc. 1). The next day, the Clerk of the Court issued summonses for service upon Defendants and the Court entered an order setting a mandatory scheduling conference for September 9, 2026. (Docs. 3, 4). In the order, Defendants were admonished that [i]f a party is not represented by counsel, they must appear personally at the Scheduling Conference." (Doc. 3 at 2). The parties were provided with the email address for the undersigned's

[1] On August 31, 2026, Plaintiff filed a request for entry of default as to non-appearing Defendant Anthony Reyes, and the next day, the Clerk of the Court entered default as to Defendant Anthony Reyes. (Docs. 11, 13). Notwithstanding his subsequent filing of an answer (Doc. 19), Defendant Anthony Reyes remains in default.

courtroom deputy for the parties to request and obtain Zoom teleconference connection details. *Id*.

On September 2, 2026, the Court granted the stipulated request of Plaintiff and Defendant Castro to continue the scheduling conference from September 9, 2026, to October 21, 2026. (Doc. 14). To permit time for the pleadings to settle, on October 13, 2026, the Court further continued the scheduling conference to November 19, 2026, at 9:30 AM in Bakersfield (CDB) before the undersigned. (Doc. 18).

On November 12, 2026, Plaintiff filed a joint scheduling report signed on behalf of Plaintiff and Defendants Castro and Annie Reyes. On November 19, 2026, the Court convened in-person and via Zoom videoconference for the scheduling conference. The Court's chambers were open to the public. Trevor Zeiler appeared via Zoom on behalf of Plaintiff. Defendants did not appear either via Zoom or in-person. After the Court and Mr. Zeiler waited for ten minutes from the start of the conference for Defendants' appearances, the Court observed Defendants failed to appear despite each filing an answer (Docs. 6, 19, 20), participating in the joint scheduling report (Doc. 21), and each with a local address in Bakersfield, California.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

**<u>Conclusion and Order</u>**

Considering the failure by Defendant Annie Reyes to appear at the mandatory scheduling conference on November 19, 2026, it is HEREBY ORDERED, Defendant Annie Reyes SHALL show cause in writing **no later than December 3, 2026**, why sanctions should not be imposed for her failure to obey this Court's orders.

///

///

///

**Failure to comply with this order to show cause may result in the imposition of sanctions, including financial sanctions.**

IT IS SO ORDERED.

Dated: **November 19, 2026**

UNITED STATES MAGISTRATE JUDGE